```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Xi Chen Lauren,                :

       Plaintiff,          :

   v.                          :       Case No. 2:14-cv-0230

PNC Bank, N.A., et al.,        :       JUDGE GREGORY L. FROST
                                                             Magistrate Judge Kemp
       Defendants.         :

## OPINION AND ORDER

This case is before the Court to consider Plaintiff's motion for leave to amend the complaint. For the following reasons, the motion for leave to amend will be granted.

### I. BACKGROUND

This paragraph summarizes the background allegations in the complaint. Plaintiff, Xi Chen Lauren, owned property in Columbus, Ohio, for which she had a mortgage loan from Defendant PNC Bank, N.A. The mortgage agreement provided that Ms. Lauren was to maintain hazard insurance, and if she did not maintain the required coverage, PNC could purchase lender-placed or "force-placed" hazard insurance for the property. Ms. Lauren had a homeowners policy with Allstate Insurance that expired on November 17, 2011, and she did not immediately renew or replace this policy. Ms. Lauren purchased a new homeowners insurance policy from State Farm that took effect on March 26, 2012. On or about December 25, 2012, about eight months after Ms. Lauren purchased the new policy, PNC purchased lender-placed insurance for the property from Defendant American Security Insurance Company ("ASIC"), backdated to November 22, 2011. The lender-placed insurance policy that PNC purchased was backdated despite the fact that there was no damage to the property or claims arising out of the property for the lapse period. Ms. Lauren

alleges that PNC charged her for the LPI policy covering the period from November 22, 2011 to March 26, 2012.  The premium for the lender-placed insurance policy was six times the amount of Ms. Lauren's prior Allstate Policy premium and covered more than the amount required by the lender.  Ms. Lauren alleges that in connection with the lender-placed insurance, PNC arranged to give or receive kickbacks (the proposed amended complaint alleges that those kickbacks were falsely disguised as reinsurance) that had the effect of artificially inflating the insurance premium that PNC charged to Ms. Lauren.

On June 4, 2013, Ms. Lauren filed a class action complaint in the United States Court for the Western District of Pennsylvania against three entities, PNC Bank, N.A., Assurant, Inc., and American Security Insurance Company alleging breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, violation of Ohio's Consumer Sales Practices Act, R.C. 1345.09(B), and unjust enrichment.  Defendant Assurant is the indirect parent company of ASIC.  All three Defendants filed motions to dismiss.  That Court granted the motion as to Defendant Assurant, Inc., which was dismissed from the action, and granted in part and denied in part the motions to dismiss as to the remaining two Defendants.  (Doc. 41).  After numerous additional filings were made, the case was transferred to this Court on February 25, 2014.  (Doc. 82).

Ms. Lauren has moved for leave to amend in order to add two types of allegations to the proposed amended complaint: (1) allegations brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)-(d) ("RICO") on behalf of a nationwide class; and (2) allegations adding Assurant, Inc. as a defendant to the RICO claims.  (Doc. 79 at 5).

## II. <u>STANDARD</u>

Generally, motions to amend pleadings are governed by Rule

15(a) of the Federal Rules of Civil Procedure, which provides that after the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  The higher standard set forth in Rule 16(b) for modifying a scheduling order only applies when a court has issued a scheduling order setting a deadline for motions to amend the pleadings and the motion to amend is filed after the deadline. Fed. R. Civ. P. 16(b).  Here, there is no scheduling order in place.  Accordingly, the liberal standard set forth in Rule 15(a) applies here.

Under this standard, motions for leave to amend may be denied "where the court finds 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC, 528 F. App'x 446, 448 (6th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  On the other hand, "[i]n the absence of reasons such as those listed above, leave should generally be granted." Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., 502 F. App'x 523, 541 (6th Cir. 2012) (citing Foman, 371 U.S. 178).

### III. ANALYSIS

Ms. Lauren argues that she should be permitted to amend because the additional allegations arise from the same conduct and because there are no reasons to deny leave to amend.

Defendant PNC argues first that the motion should be denied because of Ms. Lauren's undue delay in seeking to amend.  PNC argues that Ms. Lauren could have included RICO claims in the

3

original complaint and failed to do so.  PNC also argues that the current attempt to add RICO claims is motivated by Ms. Lauren's lawyers who, PNC asserts, would like to ensure that this case is the "first filed" lawsuit with nationwide class allegations about PNC.  Ms. Lauren responds that there was no undue delay, but rather the motion for leave to amend was filed well before the deadline the parties jointly proposed in their Rule 26 Report.  The parties' Rule 26(f) Report (Doc. 46) and the supplement thereto (Doc. 68) suggested that any motion to amend should be filed within 60 days after the Rule 16 Initial Case Management Conference.  That conference was scheduled for February 11, 2014 in the Western District of Pennsylvania (Doc. 61), but does not appear to have occurred.  This Court's Rule 16 conference is set for May 13, 2014.  (Doc. 88).  The motion for leave to amend was filed on February 20, 2014 (Docs. 78-81), which was well within the suggested deadline.  In addition, Ms. Lauren argues that she should not be penalized for waiting to add the RICO claims until after initial discovery produced documents supporting those claims.

"Ordinarily, delay alone, does not justify denial of leave to amend."  Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002) (citations omitted); see also Szoke v. United Parcel Serv. of Am., Inc., 398 F. App'x 145, 153 (6th Cir. 2010) ("[d]elay by itself is not sufficient reason to deny a motion to amend.") (citations and internal quotations omitted); Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 347 (6th Cir. 2007) ("Delay alone will ordinarily not justify the denial of leave to amend") (citation omitted).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th

4

Cir. 1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." Wade, 259 F.3d at 459 (quoting Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999)).

Here, the delay was not undue. A motion for leave to amend was contemplated by the parties as reflected in their joint Rule 26 Report, and Defendants have not argued that the delay would cause them any prejudice. Accordingly, Defendants' undue delay argument fails.

The remaining arguments raised by Defendants are arguments that the amendment is futile. There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, i.e. that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim. Defendant Assurant, Inc. also argues that this motion is more accurately characterized as a motion for reconsideration of the order dismissing Assurant, Inc. A Magistrate Judge cannot rule on a motion to reconsider a District Judge's order granting a motion to dismiss.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be

dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F. Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Ms. Lauren has made a colorable argument that the proposed amended complaint sets forth enough factual allegations to state a claim for the proposed RICO counts, and also that her claims are not barred as a matter of law. If Ms. Lauren is correct, her proposed amendment may survive a motion to dismiss, but if she is incorrect, her proposed amendment may be subject to dismissal. Under these circumstances, the Court finds it to be a better exercise of discretion to permit the amendment and to allow the sufficiency of the complaint to be tested by a motion to dismiss. Consequently, the motion for leave to amend will be granted with the understanding that Defendants may pursue their defenses by way of a motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the motion for leave to amend (Docs. 78 (redacted) and 80 (filed under seal)) is granted. Plaintiff may file a copy of the First Amended Complaint identical to the one attached the motion for leave to amend. To the extent that Plaintiff believes redactions to be required under the Stipulated Protective Order, Plaintiff is granted permission to file a redacted copy on the public docket and an unredacted copy under seal. Plaintiff is responsible for obtaining service on, or a wavier of service from, the new defendant in a timely manner.

## V. Procedure for Reconsideration

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge